UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X
:
EXXONMOBIL OIL CORPORATION,  : Case No.: 1:19-cv-06982-ARR-LB
:
         Plaintiff, : Hon. A. Ross
: Hon. L. Bloom
  v. :
:
M/V MORTON S. BOUCHARD JR., IMO : **IN ADMIRALTY IN REM**
No. 9794680, Official No. 1265315, her :
engines, apparel, furniture, equipment, :
appurtenances, tackle, etc., *in rem*, :
:
         Defendant. :
:
---------------------------------------------------------X

**LAUREL SHIPPING LLC'S**
**AMENDED MOTION TO INTERVENE**

**EXPEDITED DECISION REQUESTED**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Laurel Shipping LLC ("Laurel"), and pursuant to Rule 24 of the FEDERAL RULES OF CIVIL PROCEDURE, files its Amended Motion to Intervene in the above-styled and numbered cause. In support of its Motion, Laurel would respectfully show the Court as follows:

**I.**

**RELIEF SOUGHT**

1.    Laurel moves this Court for an order that it may intervene as a Plaintiff in this action as a matter of right under Rule 24(a) of the FEDERAL RULES OF CIVIL PROCEDURE.

2.  In the alternative, Laurel moves this Court for an order allowing it permissive intervention as a Plaintiff in this action under Rule 24(b) of the FEDERAL RULES OF CIVIL PROCEDURE.

## II.

## CLAIMS TO BE ASSERTED

3.  Laurel seeks to assert the claims described in its Verified Complaint in Intervention, attached hereto as "**Exhibit A**." In sum, Laurel is a Limited Liability Company that is party to a time charter agreement (together with any amendments, addenda or extensions thereto, the "Charter Agreement") with Bouchard Transportation Co., Inc. ("Bouchard") that included services to be performed by the M/V Morton S. Bouchard Jr./B., No. 9794680, Official No. 1265315 (the "Vessel"). During the term of the Charter Agreement, Laurel paid Bouchard in advance each month for (1) its portion of the hire of the Vessel and (2) for fuel oil and lube oil to be used by the Vessel. On or around July 2019, Bouchard failed to maintain the Vessel so as to be acceptable by all major oil companies, refiners and storage facilities as required by the Charter Agreement. This deficiency led to a breach of the Charter Agreement after the Vessel was rejected by a major oil company, refiner or storage facility for Bouchard's non-compliance. After Bouchard's breach and failure to rectify within the contractually required time period, Laurel delivered written notice of termination of the Charter Agreement. Bouchard then brought an action alleging wrongful termination of the Charter Agreement; Laurel asserted counterclaims against Bouchard. These counterclaims seek repayment of $865,316.90 plus interest for Laurel's portion of the hire of the Vessel and for the remaining fuel and lube oil from the bunker inventories of the Vessel after termination of the Charter Agreement. Article 13 of the Charter Agreement gives Laurel a maritime lien for all monies paid in advance for fuel in bunkers and

any value pre-paid but not received. Laurel seeks to intervene in this action to enforce its maritime lien rights on the Vessel arising from the breach of a charter party.

## III.

## **GROUNDS FOR INTERVENTION AS A MATTER OF RIGHT**

4. Under FED. R. CIV. P. 24(a)(2), in order to intervene an applicant must: "(1) file timely, (2) demonstrate an interest in the action, (3) show an impairment of that interest arising from an unfavorable disposition, and (4) have an interest not otherwise adequately protected." *United States v. State of N.Y.*, 820 F.2d 554, 556 (2d Cir. 1987) (holding that all four parts of the test must be satisfied to qualify for intervention as of right).

5. **Timely Application:** Among the factors to be taken into account to determine whether a motion to intervene is timely are: (a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness. *Id.* at 557. There is ongoing related litigation between Laurel and Bouchard currently pending in the Southern District of New York.[1] The Vessel is not a party to that action. That maritime contract dispute was filed by Bouchard on October 16, 2019 and Laurel responded to the suit and filed its counterclaims on November 25, 2019. The Original Complaint in the present *in rem* proceeding that Laurel seeks to intervene in was recently filed on December 13, 2019. Pursuant to Local Admiralty Rule E.2, intervention is required here because Laurel's claim is against a vessel or property that has been arrested, attached, or garnished in the Eastern District of New York, and is

---

[1] *Bouchard Transportation Co., Inc. v. Laurel Shipping LLC and Guil Oil LP*, 1:19-cv-09559-GHW, United States District Court for the Southern District of New York.

in the hands of the marshal or custodian substituted therefor. Laurel is filing this Amended Motion to Intervene to protect its lien as required by this local rule. Laurel has not delayed in filings this Amended Motion to Intervene, so there is no prejudice to the existing parties. However, Laurel will be prejudiced if its motion is denied because it will lack the means to protect its interest against the Vessel. No unusual circumstances are present either. Therefore, Laurel asks this Court to find its Amended Motion to Intervene will not prejudice the parties to this suit and is "timely."

6. **Demonstrate an Interest in the Action:** The Supreme Court has read this requirement as the party attempting to intervene having a "significantly protectable interest" in the action. *Diamond v. Charles*, 476 U.S. 54, 68 (1986). Laurel has a significantly protectable interest in this action to secure its interest in the money it pre-paid for the hire of the Vessel and for the lost value of the fuel and lube oil bunker inventories aboard the Vessel after the breach of the Charter Agreement. *See, e.g.*, *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (noting that this element would be met if the purpose was to ensure sufficient resources to satisfy judgment in a separate action).

7. **Disposition of the Action May Impair the Intervenor's Ability to Protect its Interests:** The applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect his interest. *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994). Laurel does not yet have a voice in this action such that it will be able to adequately assert and protect its interests as it is entirely unrelated to the present Plaintiff. Thus, any recovery to the current Plaintiff will in no way offset the damages owed to Laurel as their interests and claims are entirely separate.

8. **Intervenor's Interest Inadequately Represented**: This requirement is satisfied if the applicant shows that representation of his interest 'may be' inadequate if not allowed to intervene and the burden of making that showing should be treated as minimal. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972). No party currently in this suit has an obligation to represent or protect Laurel's interests, which are separate from the present Plaintiff. This intervention is necessary so that Laurel's interest is fairly and adequately represented. Also, because Laurel is prevented by Local Admiralty Rule E.2 from filing an original action, it's interests can only be protected through intervention in this suit.

9. **Conclusion**: Laurel asks this Court to grant an order that it has met the four requirements to intervene as a matter of right. Specifically, Laurel asks the court to recognize that Laurel has (i) applied for intervention in a timely manner, (ii) has a strong interest in the subject of this action, (iii) is not adequately protected by the parties to the suit, and (iv) is so situated that the disposition of the case without Laurel may harm its interests.

**IV.**

**GROUNDS FOR PERMISSIVE INTERVENTION**

10. If the Court finds that Laurel has not satisfied its burden to intervene as a matter of right under FED. R. CIV. P. 24(a), Laurel asks this Court in the alternative to allow Laurel to permissively intervene under FED. R. CIV. P. 24(b). Specifically, Laurel asserts that its claims against the Vessel share a common question of law with the claims already asserted by the present Plaintiff in this lawsuit. Further, as previously noted, intervention is required here under Local Admiralty Rule E.2. because Laurel's claim is against a vessel or property that has been arrested, attached, or garnished in the Eastern District of New York, and is in the hands of the

5

marshal or custodian substituted therefor. Thus, judicial economy will be served by allowing intervention.

## V.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Laurel Shipping LLC asks the Court to GRANT its Amended Motion to Intervene and permit Laurel to participate in this instance case with the full rights as a party Plaintiff hereto. Laurel also prays for all such other further relief to which it may be justly entitled.

Dated: December 26, 2019
New York, New York

          **VINSON & ELKINS LLP**

          By: /s/ *Laurel S. Fensterstock*
          Laurel S. Fensterstock
          666 Fifth Avenue, 26th Floor
          New York, NY 10103
          Telephone: (212) 237-0280
          lfensterstock@velaw.com

          Phillip B. Dye, Jr.
          John J. Michael
          Benjamin D. Betner
          1001 Fannin Street, Suite 2500
          Houston, TX  77002-6760
          Telephone: 713-758-2048
          Facsimile: 713-615-5766
          pdye@velaw.com
          jmichael@velaw.com
          bbetner@velaw.com
          *Pro hac vice applications forthcoming*

          *Attorneys for Laurel Shipping LLC*

OF COUNSEL:

**STROOCK & STROOCK & LAVAN LLP**

Melvin A. Brosterman
Francis C. Healy
180 Maiden Lane
New  York, NY 10038-4982
Telephone: 212-806-5400

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 26th day of December, 2019, a true and correct copy of Laurel Shipping LLC's Amended Motion to Intervene was served upon all known counsel of record via the Court's CM/ECF system.

Judith A. Archer
Julie Pateman Ward
Dean W. Steele
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019
Tel.: (212) 318-3000
Fax: (212) 318-3400
judith.archer@nortonrosefulbright.com
julie.ward@nortonrosefulbright.com
dean.steele@nortonrosefulbright.com

*Attorneys for Plaintiff*
*ExxonMobil Oil Corporation*

                /s/ *Laurel S. Fensterstock*
                Laurel S. Fensterstock